## OTIS ADAMS *vs.* ALPHEUS R. BROWN.

A recognizance under *St.* 1855, *c.* 444, § 9, of a debtor, who, upon being arrested on execution, desires to take the poor debtors' oath and to have a time and place fixed for his examination, may be conditioned not only that he shall appear at the examination, but also that he shall abide the order of the magistrate.

A recognizance taken under *St.* 1855, *c.* 444, § 9, "in the sum double the execution hereinafter named," which sum is afterwards stated therein to be a specific sum with interest from the day of the rendition of the judgment, is void.

ACTION OF CONTRACT against the surety of Hutchinson Rogers, upon a recognizance taken by a master in chancery, on the 17th of November 1856, under *St.* 1855, *c.* 444, § 9, " in sum double the execution hereinafter named." The condition recited that the plaintiff recovered judgment against Rogers in the court of common pleas in Middlesex on the 8th of October 1856, " for the sum of three hundred and forty six dollars and ninety eight cents damage, and nine dollars and twenty three cents costs of suit "; that " an execution hath issued for the same, together with interest thereon from the said day of the rendition of said judgment, and twenty five cents more for said execution, and also for the fees of the officer serving said execution " ; and that Rogers was arrested thereon, and taken before the master, and desiring to take the poor debtors' oath, a time and place were fixed for his examination, and notice thereof given to the plaintiff, and Rogers delivered himself up for examination at the master's office, and his examination was commenced accordingly on the 18th of October, and continued to the 17th of November, and thence continued to the 22d of November, and this recognizance taken, conditioned that " the said Hutchinson Rogers shall appear before the said master at his said office on the said twenty-second day of November at half past two o'clock in the afternoon, and deliver himself up for examination, and not depart without leave of said master in chancery, making no default, and abide the final order of the said master thereon."

At the trial in Middlesex at April term 1858, it was admit-

ted that on said 22d of November Rogers delivered himself up
for examination, but afterwards without leave of the master
departed from his presence, and the recognizance was defaulted.
*Thomas*, J. directed a verdict for the defendant, and reserved
the case for the consideration of the full court.

This case was argued at Boston in February 1859.

*T. H. Sweetser & S. A. Brown*, for the plaintiff.

*B. F. Butler*, for the defendant.

MERRICK, J.   The recognizance declared on in this action
was taken by a master in chancery before whom Rogers, a
judgment debtor, had been brought on an execution in favor
of the plaintiff.   The statute provides that when a defendant is
arrested upon an execution he shall be taken by the officer
making the arrest before some one of certain enumerated mag-
istrates, that he may have an opportunity, if he desires it, of
taking the oath prescribed for the relief of poor debtors.   He is
then to be examined to ascertain whether he is legally entitled
to have the oath administered to him.   And it is further pro-
vided, that at any time pending his examination his recognizance,
with surety or sureties, in a sum double the amount of the exe-
cution, for his appearance at the time of the next hearing, may
be accepted by the magistrate ; or if he does not desire to have
any time fixed for his examination when he is first brought
before the magistrate, he may recognize in like manner that he
will within ninety days thereafter deliver himself up for exami-
nation at a time and place to be duly fixed for that purpose, of
which he is to give notice to the creditor, and that he will not
make default at the time so fixed for his examination, and will
abide the order of the magistrate thereon.   *St.* 1855, *c.* 444,
§§ 4–9.

The defendant, who was the surety of the debtor, contends
that the recognizance taken in this case is invalid, because the
forfeiture of the penalty named in it is made dependent not
only upon the failure of the debtor to appear at the time of the
next hearing, but also upon his making default, or departing
without leave, or failing to abide the final order of the magis-
trate.   He insists that these latter conditions are under the stat-

Adams *r*. Brown.

ute applicable only to the case of a debtor who does not desire to have any time fixed for his examination, but who elects to deliver himself up for that purpose at some future time within ninety days thereafterwards. But this cannot justly be considered the meaning of the provisions of the statute. The object and purpose of the legislature in those provisions are perfectly plain. They were, on the one hand, to liberate the debtor from all restraint for a reasonable time, so as to afford him all needful opportunity to make every requisite preparation for the examination to which he is to be subjected ; and on the other, that he should surrender and deliver himself up to be taken again in custody by the officer having the execution, if upon the final hearing it should be determined that he was not entitled to have the oath for the relief of poor debtors administered to him. All the parts of the 9th section of the statute must be construed together ; and looking at its entire provisions, it is manifest that the condition that the debtor would make no default, but would abide the final order of the magistrate, are equally applicable to the case of a party recognizing to appear at the time of the next hearing, or to deliver himself up at the time subsequently to be fixed for his examination. And even if it were doubtful whether, upon an exact criticism of the phraseology of this section of the statute, the conditions expressed in the latter part of it were in terms strictly applicable to the recognizance first spoken of, the result would still be the same. An engagement to appear at the time of the next hearing is by necessary implication an engagement to continue to appear throughout and during the whole of it, and therefore to abide its result. This result may be in reference to a pending examination of the debtor, a final determination to admit him to the oath, or an adjudication that he is not entitled to have it administered to him, or a postponement of the hearing for further proceedings to another and future day. A failure to await the determination of the magistrate, whatever it may be, would consequently constitute a breach of the condition, and occasion a forfeiture of the penalty of the recognizance. We think therefore it is plain that the master did not exceed his authority in taking

49 *

the recognizance of the parties in the form he did; and that the objection of the defendant to this effect should be overruled.

But there is another objection urged against the validity of the recognizance, which is well founded and must therefore be allowed to prevail. The recognizance is not taken in any penal sum, but only "in the sum double the amount of the execution" which issued on the judgment recovered by the plaintiff against Rogers " for the sum of three hundred and forty six dollars and ninety eight cents damage, and nine dollars and twenty three cents costs of suit," " together with interest from the rendition of said judgment, and twenty five cents more for said execution." This is both irregular and incorrect. The penal sum should have been stated in terms. It should be twice the amount of the damages and costs recovered, with the legal charge for the execution. The interest accruing on the judgment should make no part of the penal sum. In *Case* v. *Pettee,* 5 Gray, 27, a replevin bond taken " in the full and just sum of double the value of the property to be replevied, to be ascertained by three disinterested and discreet persons," &c. was held to be void. The same point was also before the court in the case of *Clark* v. *Connecticut River Railroad,* 6 Gray, 363, and the former decision was affirmed. The present case is similar in principle to those; and for like reasons the recognizance declared on must be held to be wholly invalid. As the plaintiff therefore cannot in any event recover upon it,

*Judgment must be entered on the verdict for the defendant.*